UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CIVIL ACTION NO. 13-102-DLB-HBG

RANDALL WALKER                                                                         PLAINTIFF

vs.                                      **MEMORANDUM ORDER**

UNION COUNTY, TENNESSEE, et al.                                        DEFENDANTS

*** *** *** ***

Plaintiff Randall Walker brings this civil rights action against Union County, Tennessee, the Union County Sheriff's Department and Union County Sheriff's Deputy Dennis Nicely in both his official and individual capacity, as a result of allegedly being unlawfully arrested by Defendant Nicely on February 22, 2012 for driving under the influence, violating the implied consent law, and leaving the scene of an accident. Defendant Union County Sheriff's Department has filed a Motion to Dismiss (Doc. # 8), arguing it is not an entity capable of being sued.[1] Plaintiff has responded in opposition. (Doc. # 10). Defendant did not file a reply, and the time do so has now expired. For the reasons set forth below, Defendant Union County Sheriff's Department's Motion to Dismiss is hereby **granted**.

Pursuant to 28 U.S.C. § 1983, "any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be

---

[1] Aside from this general assertion, Defendant failed to provide any supporting authority for its position. Having conducted an independent review of the law, the Court finds that Defendant's general assertion is correct. However, in the future, counsel is reminded that it is expected to cite to controlling authority in support of any argument presented to the Court.

1

subjected, any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, . . . ." The Supreme Court has clarified that "person" as used in § 1983 includes not only natural persons, but also municipalities and other government unites. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). Liability under *Monell*, however, is extended no further than the municipality itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews' complaint.").

Although the Sixth Circuit has not specifically addressed whether a Tennessee sheriff's department can be sued under § 1983, federal district courts in Tennessee routinely hold that sheriff's departments are <u>not</u> subject to liability under this civil rights statute. *See Mathes v. Metropolitan Government of Nashville and Davidson County, Tennessee*, No. 3:10-cv-0496, 2010 WL 3341889, at *1-2 (M.D. Tenn. 2010) (providing an extensive list of Tennessee federal district courts finding that sheriff's departments in Tennessee are not subject to liability under § 1983). In each of those cases, the district courts held that it is the city or county that is potentially liable under *Monell*, rather than the police or sheriff's department. *See id.*; *see also Pruitt v. Lewis*, No. 06-2867, 2007 WL 4293037, at *2 ("It is well established that a county sheriff's department is not a legal entity separate form its parent county"). In accordance with these well-settled principles of law, the Union County Sheriff's Department is not subject to liability under § 1983. If Plaintiff is able to establish any liability under *Monell*, it is Union County, Tennessee, a named Defendant in this case, that would be liable.

2

Case 3:13-cv-00102-DLB-HBG   Document 15   Filed 05/08/13   Page 2 of 3   PageID #: 55

Despite this overwhelming precedent, Plaintiff argues that the Union County Sheriff's Department is a suable entity pursuant to Tennessee statute. Plaintiff cites to Tennessee Code §8-8-302 for the proposition that the Tennessee legislature has specifically allowed county sheriffs to be sued for the acts of sheriff's deputies. However, Plaintiff misreads the statute. As the statute clearly states:

> Anyone incurring any wrong, injury, loss, damage or expense from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit **against the county in which the sheriff serves**.

T.C.A. §8-8-302 (emphasis added). This statute does not mention that the sheriff may be sued, nor does it suggest that a sheriff's deputy may be individually liable under state law. *Mathes*, 2007 WL 3341889, at *2. Rather, under state law, it is the county that is potentially liable for the actions of sheriff's deputies.

For each of these reasons, the Court finds that the Union County Sheriff's Department shall be dismissed from this action. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant Union County Sheriff's Department's Motion to Dismiss (Doc. # 8) is hereby **GRANTED**; and

(2) All claims against Defendant Union County Sheriff's Department are hereby **DISMISSED WITH PREJUDICE**.

This 8th day of May, 2013.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Knoxville\13-102 MO dismissing Union County Sheriff's Department.wpd